```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    NORTHERN DIVISION
```

JIGNESHKUMAR PATEL,            :
                               :
     Petitioner,               :
                               :
vs.                            :
                               :   CIVIL ACTION No. 06-00584-CG-B
DAVID O. STREIFF[1], *et al.*, :
                               :
     Respondents.              :

## REPORT AND RECOMMENDATION

Jigneshkumar Patel, a native and citizen of India, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging his continued detention by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE").[2] This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). Following a careful review of the record, it is recommended that the instant petition be dismissed as moot because Patel is no longer in ICE custody, having been released from ICE custody pending deportation.

I.   **FINDINGS OF FACT**

1.   Patel asserts that he is a citizen of India and that he was ordered removed from the United States on January 17, 2006, and has

---

[1]Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, David O. Streiff, warden of the Perry County Correctional Facility, is hereby substituted for Bill Bateman, who previously served as warden.

[2]This case was transferred from the United States District Court for the Middle District of Alabama and filed in this Court on September 25, 2006. (Doc. 4).

been in ICE custody since that date. (Doc. 1).[3]

2. On August 29, 2006, Patel filed the instant petition for writ of habeas corpus, wherein he argues that he is being unlawfully detained in custody more than 6 months following the final order of removal. Patel does not contest the order of removal but instead seeks immediate release from custody under an order of supervised release pending deportation. (Id.)

3. Respondents filed an Answer to Patel's petition on January 12, 2007, wherein they advised the Court that Patel was released from ICE custody on January 8, 2007, pending deportation. (Doc. 14). On January 18, 2007, Petitioner filed a notice of address change, wherein he advised the Court that he had been released from ICE custody and is now residing at 1803 Martha Berry Boulevard, Rome, Georgia 30165. (See Doc. 15).  Respondents contend that Patel's habeas petition is now moot in light of his release from ICE custody on January 8, 2007. (Doc. 14).

II.     CONCLUSIONS OF LAW

1. "In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. § 2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably

---

[3]Patel was convicted of an unknown Aggravated Felony. (Doc. 1, Ex. A).

necessary to secure removal." <u>He v. Gonzales</u>, 2006 WL 1687796, *1 (W.D. La. 2006). Where, as here, a § 2241 petitioner has been released from federal custody pending deportation to his native country, thereby garnering the relief sought in filing his habeas corpus petition, the issue becomes whether there is any longer a live case or controversy or, instead, if the petition has become moot. <u>See</u> <u>id.</u>

2.  The Eleventh Circuit has observed that "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" <u>Soliman v. United States ex rel. INS</u>, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); <u>See</u> <u>also</u> <u>Al Najjar v. Ashcroft</u>, 273 F.3d 1330, 1335 (11th Cir. 2001) (same).  Moreover, "[t]he doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" <u>Soliman</u>, 296 F.3d at 1242.  Put another way, "a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  In fact, "dismissal is required because mootness is jurisdictional." <u>Id.</u> (internal citations omitted).

3.  Several district courts have determined that where an alien is

released from ICE custody pending removal from the United States, "his petition for habeas relief under Zavydas is moot." He, supra, 2006 WL 1687796, at *1; see also Abdalla v. Ashcroft, 2004 WL 2315089, at *2 (W.D.N.Y. 2004) ("As, however, Petitioner does not dispute he was released from administrative custody on January 30, 2004, the instant petition no longer presents a case or controversy pursuant to Article III, § 2 of the United States Constitution."), adopted by Abdalla v. Ashcroft, 2004 WL 2491646 (W.D.N.Y. 2004).

4.  Given the extant case law, the undersigned finds that Patel's petition for habeas corpus relief is now moot because there exists no active case or controversy.  Patel has been released from ICE custody and is residing in Rome, Georgia.  Thus, this Court can no longer grant Patel the relief requested in his petition, namely his immediate release from ICE's custody pending his removal from the United States, because this relief has already been afforded him. (See Doc. 15).  Because there is nothing to remedy even if this Court were disposed to do so, this action should be dismissed without prejudice. Soliman, supra, 296 F.3d at 1243, quoting Spencer v. Kemna, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998).

## III. CONCLUSION

The undersigned Magistrate Judge recommends that Patel's petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be **DISMISSED** as moot.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **11th** day of **February, 2008**.

                                     **/s/ SONJA F. BIVINS**
                               **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    /s/ SONJA F. BIVINS    
**UNITED STATES MAGISTRATE JUDGE**
